**JAY JIAN–QING WANG,**
Plaintiff-Appellant,

v.

**Mary Ann SWAIN, Eric J. Cotts, Robert L. Pompi, M. Stanley Whittingham, Jean–Pierre Mileur, Defendants-Appellees,**

**Paul C. Parker, Defendant.**

**No. 11–1656–cv.**

United States Court of Appeals, Second Circuit.

Oct. 10, 2012.

Jay Jian–Qing Wang, Vestal, NY, pro se.

Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, Andrew B. Ayers, Assistant Solicitor General, for Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY, for Appellees.

PRESENT: REENA RAGGI, DENNY CHIN, and SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff Jay Jian–Qing Wang appeals *pro se* from an award of summary judgment on his claims under 42 U.S.C. § 1983 that defendants, professors and administrators at the State University of New York at Binghamton, unlawfully denied him tenure on account of, *inter alia,* his Chinese origin and retaliated against him for filing a complaint of discrimination with the Equal Employment Opportunity Commission. We review an award of summary judgment *de novo,* construing the record evidence in the light most favorable to the non-moving party, *see El Sayed v. Hilton Hotels Corp.,* 627 F.3d 931, 933 (2d Cir. 2010), and in doing so afford plaintiff's *pro se* submissions the customary liberal read-

ing, *see Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006).

We affirm the challenged grant of summary judgment for substantially the reasons stated in the district court's well-reasoned Decision and Order. Specifically, plaintiff has failed to raise a triable issue of fact as to whether the decision to deny him tenure—a decision reached unanimously at every level of review and reasonably supported by the record evidence—was the product of unlawful discrimination. *See Zahorik v. Cornell Univ.,* 729 F.2d 85, 94 (2d Cir.1984) (affirming summary judgment on discrimination claim arising from denial of tenure where record "fail[ed] to demonstrate more than a disagreement as to scholarly merits"). Nor has plaintiff put forth evidence that would support a retaliation claim against any of the named defendants.

Because plaintiff does not challenge the district court's grant of summary judgment regarding his stigma-plus claim, we deem that claim abandoned. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92 (2d Cir.1995). Moreover, to the extent plaintiff's submissions on appeal may be read to raise a hostile work environment claim, we decline to consider that claim as it was not asserted below. *See In re Nortel Networks Corp. Sec. Litig.,* 539 F.3d 129, 133 (2d Cir.2008) (holding that argument available but not made in district court is unpreserved for appeal).

We have considered all of plaintiff's other arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED.